

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

FILED
JAN 2 6 2009
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ARNOLD GARY RUBENSTEIN,<br><br>             Debtor.<br>_____ | Case No. 08-30534-D-7 |
| KEITH ROYAL, Public Administrator, Administrator of the Estate of Michele L. Desiano,<br><br>             Plaintiff,<br>v.<br>ARNOLD GARY RUBENSTEIN,<br><br>             Defendant. | Adv. Pro. No. 08-2596-D<br><br>Docket Control No. GAR-1<br><br><br><br><br><br>Date: January 14, 2009<br>Time: 10:00 a.m.<br>Dept: D |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

### MEMORANDUM DECISION

    On November 18, 2008, the defendant herein, Arnold Gary Rubenstein (who will be referred to as "the debtor") filed a Motion for Judgment on the Pleadings, bearing Docket Control No. GAR-1 (the "Motion"). For the reasons set forth below, the court will grant the Motion in part.

### I. INTRODUCTION

    In this adversary proceeding, Keith Royal, Public Administrator ("the plaintiff"), as administrator of the probate estate of Michele L. Desiano ("Ms. Desiano"), seeks a

determination that the debtor is liable to him for damages in excess of $300,000, plus punitive damages, and a determination that such indebtedness is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)[1] (first and second causes of action) and § 523(a)(6) (third cause of action).

The plaintiff's complaint hinges on a $255,000 promissory note allegedly made by the debtor as payor in favor of Ms. Desiano prior to the latter's death in a car accident in 2005. The plaintiff alleges that he, as the administrator of Ms. Desiano's probate estate, acquired "all rights and claims herein against [the debtor]" by assignment from the probate estate of Jesse Arthur Baker, Ms. Desiano's husband, who was killed in the same accident. In his § 523(a)(2) causes of action, the plaintiff alleges that after Ms. Desiano's death and during the plaintiff's administration of her probate estate, the debtor concealed from the plaintiff the existence of the promissory note and the true amount of the debt, produced a false promissory note in a lesser amount and with different terms, testified falsely about the promissory notes and the amount and terms of the debt, and failed to pay to the probate estate the amounts due on account of the debt.

The debtor contends that the plaintiff has not alleged that the debtor obtained any money, property, services, or an

---

1. Unless otherwise indicated, all Code, chapter, section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated after the effective date (October 17, 2005) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005) ("BAPCPA").

extension, renewal, or refinancing of credit from Ms. Desiano or from the plaintiff, and thus, that the plaintiff has failed to state a claim for relief under § 523(a)(2). The debtor also asserts that the plaintiff has made no factual allegations that would support the willful and malicious requirement of § 523(a)(6).

## II. ANALYSIS

This court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(I). The Motion was brought pursuant to Federal Rule of Civil Procedure 12(c), made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 7012(b).

A. Standards for Judgment on the Pleadings

Judgment on the pleadings is appropriate when the moving party establishes on the face of the pleadings that there are no issues of material fact and that he or she is entitled to judgment as a matter of law. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989). The allegations of the party opposing the motion must be accepted as true and are to be construed in the light most favorable to that party. General Conference Corp. v. Seventh-Day Adventist Church, 887 F.2d 228, 230 (9th Cir. 1989).

A motion for judgment on the pleadings must be denied unless it appears "to a certainty" that no relief is possible under any state of facts the plaintiff could prove in support of his or her claim. Summit Media LLC v. City of Los Angeles, 530 F. Supp. 2d 1084, 1096 (C. D. Cal. 2008), citing Mostowy v. United States, 966 F.2d 668, 672 (Fed. Cir. 1992).

B. False Pretenses, False Representations, Actual Fraud

Section 523(a)(2) excepts from discharge "any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

Even assuming the allegations in the complaint to be true, and construing them in the light most favorable to the plaintiff, as to the § 523(a)(2) causes of action, the complaint fails to state a claim upon which relief can be granted. Assuming that the debtor incurred a debt in the amount of $255,000, or in any amount, to Ms. Desiano, there is no allegation that the debtor obtained the funds, or any portion of them, from Ms. Desiano through false pretenses, a false representation, or actual fraud. Assuming for the sake of the Motion only that the debtor made false statements or gave false testimony to the plaintiff or his staff after Ms. Desiano's death, the fact is irrelevant because the debtor did not obtain the $255,000 by the use of those statements or testimony.

The plaintiff cites <u>Muegler v. Bening</u>, 413 F.3d 980 (9th Cir. 2005) and <u>Cohen v. de la Cruz</u>, 523 U.S. 213 (1998), for the proposition that a creditor proceeding under § 523(a)(2) need not establish that the debtor received any benefit, direct or indirect, from his fraudulent conduct. In <u>Cohen</u>, the Supreme Court held that § 523(a)(2)(A) "prohibit[s] the discharge of any liability arising from a debtor's fraudulent acquisition of money, property, etc., including an award of treble damages for the fraud." 523 U.S. at 220-21.

> The phrase ["to the extent obtained by" in §
> 523(a)(2)(A)] . . . makes clear that the share of
> money, property, etc., that is obtained by fraud gives
> rise to a nondischargeable debt. Once it is
> established that specific money or property has been
> obtained by fraud, however, "any debt" arising
> therefrom is excepted from discharge.

Id at 218.

In the present case, the plaintiff does not allege that the debtor obtained or received any portion of the $255,000 through fraud. In other words, unlike in Cohen, the plaintiff does not allege that "specific money or property has been obtained by fraud."

This distinction is well described in Sabban v. Ghomeshi (In re Sabban), 384 B.R. 1 (9th Cir. BAP 2008):

> While the Supreme Court held [in Cohen] that a debtor
> need not "obtain" or receive money or property
> fraudulently in order for creditor to prevail under
> section 523(a)(2)(A), it repeatedly acknowledged that
> the liability must "arise from" the fraud to be
> nondischargeable. [fn]  All such damages, including
> statutory punitive damages "*assessed on account of the
> fraud,*" escape discharge.

384 B.R. at 6 (emphasis in original).

"The Supreme Court did not open the door for damages *not* arising from fraud to be excepted from discharge." Id. at 6, n. 6 (emphasis in original).

Here, as to the $255,000, there is no allegation of "any liability arising from [the] debtor's fraudulent acquisition of money, property, etc.," as the Cohen Court phrased it. The same is true of the plaintiff's other alleged damages -- investigative and research costs, attorney's fees, loss of use damages, damages from loss of equity in real properties from which the debt might have been satisfied, and punitive damages. Finally, those other

alleged damages do not constitute damages "assessed on account of the [debtor's] fraud," like the treble damages assessed in Cohen.

In Muegler, also cited by the plaintiff, the court held:

> It is only the fact of an adverse fraud judgment, and nothing more, that is required for a debt to be nondischargeable. Accordingly, we find that in light of *Cohen*, the receipt of a benefit is no longer an element of fraud under § 523(a)(2)(A).

413 F.3d at 984.

The precise question in Muegler was whether a fraud judgment of a Missouri state court would be given preclusive effect in a subsequent § 523(a)(2) action despite the absence of a requirement in Missouri law that the wrongdoer have "received a benefit" from his fraud. The facts of the debtor's conduct are not set forth in the decision. However, given that the debtor had been "found guilty [of] committing intentional fraud under Missouri law," and given the court's reliance on Cohen, as well as on M.M. Winkler & Assocs. and Pleasants,[2] there is no reason to suppose the court intended to eliminate entirely the requirement that the debtor have incurred the underlying debt through fraud, false pretenses, or a false representation, or otherwise have been liable for fraud under state law.[3]

---

2. Deodati v. M.M. Winkler & Assocs. (In re M.M. Winkler & Assocs.), 239 F.3d 746, 751 (5th Cir. 2001) [if debt arises from fraud, and debtor, although personally innocent, is liable for that debt under state partnership law, debt is nondischargeable under § 523(a)(2)]; Pleasants v. Kendrick (In re Pleasants), 219 F.3d 372 (4th Cir. 2000), see n. 3 below.

3. Similarly, the plaintiff's citations to McCoun v. Rea (In re Rea), 245 B.R. 77 (Bankr. N.D. Tex. 2000), and Pleasants, supra, do not assist him. Rea involved a stockbroker who made false representations as a means of inducing the plaintiffs to invest money with him. In Pleasants, the debtor had committed
(continued...)

- 6 -

In short, referring back to Cohen, "once it is established that specific money or property has been obtained by fraud, [. . .], 'any debt' arising therefrom is excepted from discharge." In this case, even accepting as true all the facts alleged by the plaintiff, the court cannot find that the plaintiff or Ms. Desiano incurred $255,000 in damages, or any portion thereof, as a result of fraudulent conduct on the part of the debtor. Nor were the plaintiff's other alleged damages assessed on account of fraud in incurring the underlying liability. Finally, those other damages do not flow in any way from fraud in connection with the underlying liability. Thus, the plaintiff's first and second causes of action fail to state a claim upon which relief can be granted.

C. Willful and Malicious Injury

The Bankruptcy Code excepts from discharge a debt for willful and malicious injury by the debtor to the person or property of another. 11 U.S.C. § 523(a)(6). The "willful" and "malicious" requirements are examined separately. Carrillo v. Su (In re Su), 290 F.3d 1140, 1146 (9th Cir. 2002). The "willful" requirement is satisfied "only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct." 290 F.3d at 1142.

/ / /

---

3.(...continued)
fraud in inducing the plaintiffs to enter into a construction contract with his unqualified firm. By contrast, the plaintiff here relies solely on alleged representations made by the debtor after Ms. Desiano loaned him the money.

The "malicious" test is met when the act is "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." Petralia v. Jercich (In re Jercich), 238 F.3d 1202, 1209 (9th Cir. 2001). "[I]t is the wrongful act that must be committed intentionally rather than the injury itself." Jett v. Sicroff (In re Sicroff), 401 F.3d 1101, 1106 (9th Cir. 2005), citing Murray v. Bammer (In re Bammer), 131 F.3d 788, 791 (9th Cir. 1997) ("This four-part definition does not require a showing of . . . an intent to injure, but rather it requires only an intentional act which causes injury.").

Resolution of the Motion with respect to the plaintiff's third cause of action is a closer call. The debtor asserts that the factual allegations in the complaint are not sufficient to state a claim under § 523(a)(6). However, with respect to this cause of action, the court cannot conclude "'to a certainty' that no relief is possible under any state of facts the plaintiff could prove in support of his . . . claim." See Summit Media LLC, 530 F. Supp. 2d at 1096.

### III. CONCLUSION

For the foregoing reasons, the court concludes that the plaintiff's first and second causes of action fail to state a claim upon which relief may be granted, and accordingly, as to those two causes of action, the Motion will be granted. As to the plaintiff's third cause of action, the Motion will be denied.

The court will issue an appropriate order.

Dated: January 26, 2009　　　　_____
　　　　　　　　　　　　　　　　ROBERT S. BARDWIL
　　　　　　　　　　　　　　　　United States Bankruptcy Judge

Case 08-02596    Filed 01/26/09    Doc 23

# CERTIFICATE OF MAILING

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Office of the United States Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Peter Bronson
400 Capitol Mall, 11th Floor
Sacramento, CA 95814

George Roberts
301 Broad Street, 2nd Floor
Nevada City, CA 95959

DATE: JAN 2 6 2009

_____
Deputy Clerk